■ STEVEN I. HOCH, an Infant, by His Guardian ad Litem, MURRAY HOCH, et al., Appellants, v. GLEN GARDEN HOMES, INCORPORATED, Defendant, and GIBRALTER CORPORATION OF AMERICA, INC., Respondent.— In an action against Gibralter Corporation of America, Inc., the manufacturer of a hot-water boiler installed in certain premises, and against Glen Garden Homes, Inc., the seller of the premises, to recover damages for personal injury sustained by the infant plaintiff when he was scalded by steam and boiling water as it came from a faucet then being used by him, and by his father for loss of services and medical expenses, the plaintiffs appeal from an order of

the Supreme Court, Kings County, dated March 6, 1963, which granted the motion of the defendant manufacturer Gibralter to dismiss the amended complaint as to it on the ground that such complaint fails to set forth facts sufficient to constitute a cause of action against it. Order reversed, with $10 costs and disbursements, and motion to dismiss denied. The time of the defendant Gibralter Corporation of America, Inc., to serve its answer is extended until 20 days after entry of the order hereon. In our opinion, the first and second causes of action alleging negligence are legally sufficient; they plead that the infant plaintiff, a remote user, was injured by reason of the alleged latent defect in the boiler. A complaint is sufficient even though (as here) the exact nature of the latent defect is not specifically alleged. The nature of the alleged defect may be obtained by bill of particulars. Since the motion to dismiss was addressed to the entire complaint and not to each of the four causes of action therein alleged, the motion to dismiss must be denied without considering the sufficiency of the third and fourth causes of action for breach of warranty (*Imperatrice* v. *Imperatrice*, 298 N. Y. 549, 550). Beldock, P. J., Ughetta, Kleinfeld, Christ and Brennan, JJ., concur.